UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff(s),<br>　　v.<br>MICHAEL G. HIGGINBOTHAM,<br>　　　　Defendant(s). | No. CR 10-00703 MMC (BZ)<br><br>**REVOCATION ORDER** |

　　On December 8, 2010, I heard a motion filed by Pretrial Services pursuant to 18 U.S.C. § 3148(B) to revoke defendant Michael G. Higginbotham's pretrial release bond based on violations alleged in a memorandum dated November 22, 2010. The hearing had been continued once at the request of defendant to provide him with an opportunity to gather evidence. At the hearing, defendant was present and represented by Geoffrey Hansen, Deputy Public Defender. The government was represented by AUSA, Xochitl Artega. Pretrial Services was represented by Victoria Gibson.

　　Defendant admitted that he had been late to report to the halfway house, as alleged in the petition. Defendant also

1

1  stated that he did not have evidence to support his claims
2  that he was delayed at the hospital.  I therefore find by
3  clear and convincing evidence that Mr. Higginbotham violated
4  the condition of his bond that he not leave the halfway house
5  except for limited purposes as authorized by Pretrial
6  Services.
7      I also find pursuant to § 3148(b)(1)(B)that defendant is
8  unlikely to abide by any condition or combination of
9  conditions of release.  Defendant's attitude towards pretrial
10 release has been poor from the beginning and he does not seem
11 to grasp the concept that he has an affirmative responsibility
12 to comply with the conditions of release.  Furthermore,
13 my initial release Order was largely based on the
14 representations of his father that if I released defendant
15 into his custody in Stockton, he could exercise some control
16 over defendant.  For a variety of reasons that has not
17 materialized.  Defendant proffered that he could reside in the
18 home of one of his sureties, Cassandra Jones.  Ms. Jones
19 however is a student who is not home during the day and cannot
20 meaningfully supervise him.
21     **IT IS THEREFORE ORDERED** that his bond be revoked and he
22 is remanded to the custody of the U.S. Attorney General for
23 confinement in a correction facility separate, to the extent
24 practicable, from persons awaiting or serving sentences or
25 being held in custody pending appeal.
26     On order of the court of the United States or on request
27 of an attorney for the government, the person in charge of the
28 corrections facility in which defendant is confined shall

2

deliver him to an authorized Deputy United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: December 8, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\ORDERS.2010\HIGGINBOTHAM REVOCATION ORDER.wpd

3