UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff(s), <br><br> v. <br><br> MICHAEL G. HIGGINBOTHAM, <br><br> Defendant(s). | No. CR 10-00703 MMC (BZ) <br><br> **DENIAL OF DEFENDANT'S MOTION FOR RELEASE** |

On January 26, 2011, I heard a motion by defendant seeking his release. At the hearing, defendant was present and represented by Geoffrey Hansen, Deputy Public Defender. The government was represented by AUSA, Justin Rhoades. Pretrial Services was represented by Victoria Gibson.

On December 8, 2010, following a hearing, I revoked defendant's pretrial release bond pursuant to 18 U.S.C. § 3148(B) based on violations alleged in Ms. Gibson's memorandum dated November 22, 2010. I found by clear and convincing evidence that Mr. Higginbotham violated the condition of his bond that he not leave the halfway house except for limited purposes as authorized by Pretrial

1

Services.

The precise basis for yesterday's motion is unclear. To the extent that it is a motion to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f), the government objected on the grounds that the motion was not based on material information not known to the movant at the time of the earlier hearing. Defendant also stated that when he sought review of my revocation order before Judge Chesney, he was directed to seek a further hearing before me. To resolve an uncertainty about why I had revoked his release, I allowed the hearing to proceed without determining whether there was a legal basis for it.

On November 19, 2010, the defendant left the Geocare halfway facility at 9:00 a.m. He was authorized to leave to attend a 10:00 a.m. medical appointment and then attend a Pretrial Services/Bureau of Prisons informational seminar at 1:15 p.m. in this courthouse. Defendant was scheduled to return to Geocare by 4:00 p.m. that same afternoon. Defendant did not return to the halfway house until 7:00 p.m. Nor did he attend the seminar or advise anyone of his whereabouts until around 4:15 p.m. when he called Geocare and told a staff member he would be there in around 30 minutes. Efforts by Pretrial and Geocare to reach him were unsuccessful because he had failed to notify them that he obtained a new cellular telephone number, a direct violation of the Geocare phone rules.

The next day, he told Ms. Gibson that he was late because he had called his mother to get a ride to Geocare but she was

unable to help him. His mother, however, told Ms. Gibson that she had given him a ride from the clinic to the bus stop. Not only were their stories inconsistent, they made no sense to me since the clinic was a block or two from the Muni T-Line, which would have dropped him off a few blocks from the courthouse or from Geocare.

Yesterday, defendant admitted that the reason that he did not do what he was supposed to do on November 19, 2010 was that he made an unauthorized visit to his son. While this is a fact that he concealed at the revocation hearing, I do not consider this to be grounds for seeking review under § 3142(f). Not only did he know about it at the revocation hearing, it is not a fact that would have altered my decision in his favor. To the contrary, it would have weighed in favor of revocation. Defendant also proffered that in the near future, there might be another person willing to act as his custodian and provide a home for him in Daly City. Once again, that would not have materially influenced my decision to revoke his release, given his problems with supervision.

The undisputed evidence disclosed for the first time at yesterday's hearing, is that the reason the story he told on December 8, 2010 did not make sense is that he had actually made an unauthorized visit to his son that day. The fact that he did so was a violation of his pretrial release order and the fact that he did not disclose the violation and instead concocted a story to cover it up further persuades me, by clear and convincing evidence, that he does not take supervised release seriously and that he is not amenable to

1 | supervision.  To be clear, for the reasons given in the
2 | December 8, 2010 revocation order and because I find by clear
3 | and convincing evidence that his violations of his conditions
4 | of pretrial release, his continued poor attitude towards
5 | pretrial release, the fact that he does not seem to understand
6 | that he has an affirmative responsibility to comply with the
7 | conditions of release, and the inconsistencies of defendant's
8 | statements regarding where he was on Friday, November 19,
9 | 2010, make him not amenable to supervision, his motion is
10 | **DENIED**.
11 | **IT IS THEREFORE ORDERED** that his bond remain revoked and
12 | he is remanded to the custody of the U.S. Attorney General for
13 | confinement in a correction facility separate, to the extent
14 | practicable, from persons awaiting or serving sentences or
15 | being held in custody pending appeal.
16 | On order of the court of the United States or on request
17 | of an attorney for the government, the person in charge of the
18 | corrections facility in which defendant is confined shall
19 | deliver him to an authorized Deputy United States marshal for
20 | the purpose of an appearance in connection with a court
21 | proceeding.
22 | Dated: January 27, 2011

*[signature]*
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\ORDERS.2011\HIGGINBOTHAM DENIAL OF RECONSIDERATION OF REVOKED RELEASE.BZ VERSION.wpd