IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL HIGGINBOTHAM,<br><br>    Defendant.<br>_____/ | No. CR 10-0703 MMC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF UNDER 28 U.S.C. § 2255** |

Before the Court is Michael Higginbotham's ("Higginbotham") motion, filed December 7, 2011, for relief under 28 U.S.C. § 2255.[1] Respondent United States of America has filed opposition, to which Higginbotham has replied. Having read and considered the papers filed in support of and in opposition to, the motion, the Court rules as follows.

## FACTUAL BACKGROUND

On August 4, 2012, Higginbotham and another individual approached an Internal Revenue Service Special Agent outside her home, pointed a shotgun at her, and demanded money. (See Plea Agreement ¶ 2.) The victim shot at her assailants. (See Compl. ¶ 6.) Higginbotham was admitted to a hospital later that night with a gunshot wound to his leg. (See id. at ¶ 9.) The victim was brought to the hospital to view

---

[1] Higginbotham's filing is titled "In Accordance With the Courts Order Michael Higginbotham (Higginbotham) Hereby Submits His Argument[s] Supporting He Was Deprived Effective Assistance of Counsel." The Court construes said filing as a motion to set aside or correct Higginbotham's sentence under 28 U.S.C. § 2255.

Higginbotham but was unable to identify him as one of her assailants. (See id. at ¶ 16.) A gun matching the description of that used in the robbery was found in Higginbotham's mother's car, and Higginbotham had been in the area in which the robbery occurred. (See Opp'n Ex. A (Responses to Interrogatories) ¶ 3(a).)[2] Although Higginbotham initially denied any involvement, he ultimately admitted he had participated in the robbery. (See id. at ¶ 4(a).).

On September 28, 2010, the government filed a two-count indictment charging Higginbotham with: (1) assault on a federal officer with a deadly weapon, in violation of 18 U.S.C. §§ 111(a)(1), (b); and (2) using and/or carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

On March 23, 2011, Higginbotham pleaded guilty to Count One of the indictment pursuant to a negotiated plea agreement entered under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (See Plea Agreement ¶ 1:23; see also Judgment in a Criminal Case.) The plea agreement provided for a sentence of 60 months on Count One and dismissal of Count Two. (See Plea Agreement ¶ 8:15.) On June 22, 2011, in accordance with the plea agreement, the Court sentenced Higginbotham to 60 months on Count One and, on the government's motion, dismissed Count Two. (See Judgment in a Criminal Case.)

Higginbotham now moves to set aside or correct his sentence under 28 U.S.C. § 2255, alleging he received ineffective assistance of counsel.

## LEGAL STANDARD

A motion to set aside or correct a sentence pursuant to § 2255 entitles a prisoner to relief "[i]f the court finds . . . there has been such a denial or infringement of the

---

[2] In an earlier order, the Court found a limited waiver of the attorney-client privilege and held the government was entitled to inquire of Higginbotham's counsel as to "any oral communications with Higginbotham and review any written communications with Higginbotham relating to the subject areas raised in Higginbotham's claims." (See Order filed March 21, 2012 at 2:1-4.) As an exhibit to its opposition, the government filed Higginbotham's counsel's responses to interrogatories. In his reply, Higginbotham has not contended any statement contained therein is untrue.

2

constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." See 28 U.S.C. § 2255.  Where, however, "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion," see Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(b), and may do so without holding a hearing if the movant has made no "specific factual allegations that, if true, state a claim on which relief could be granted," see United States v. Withers, 638 F.3d 1055, 1062 (9th Cir. 2011).  "Merely conclusory statements in a § 2255 motion are not enough to require a hearing."  See United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993) (internal quotation and citation omitted).

**DISCUSSION**

Higginbotham claims he received ineffective assistance of counsel in the course of his plea negotiations, and that his counsel's deficient performance led him to plead guilty rather than go to trial.  In particular, Higginbotham claims counsel (1) failed to advise him correctly as to his potential sentence; (2) failed to investigate potential defenses; and (3) insisted he plead guilty despite his expressed desire to go to trial.[3]

To prevail on a claim of ineffective assistance of counsel, Higginbotham must meet two requirements.  He must show that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See Strickland v. Washington, 466 U.S. 668, 688 & 694 (1984).  Because, as discussed

---

[3] In his reply, Higginbotham for the first time, and unconnected to any of the above claims, asserts his counsel withheld from the Court the victim's statement that she did not "recognize [Higginbotham's] face and [he] did not match the build of the young men who attempted to rob her."  (See Reply at 1.)  Higginbotham's assertion is contradicted by the record.  On September 23, 2010, Higginbotham's counsel filed with the Court in connection with Higginbotham's detention hearing a memorandum in which counsel points out that the criminal complaint itself noted the victim stated, after viewing Higginbotham, that the "face is too round, appeared to be lighter 'complected' in the hospital and also appeared to be heavier in the hospital."  (See Def's Pretrial Mem. Re: Presumptions and Proffers, filed Sept. 23, 2010, at 3:4-7 (concluding therefrom that "[the victim] did not identify Higginbotham as one of the robbers").

3

below, Higginbotham cannot meet the first prong of Strickland, the Court will not address the second, see id. at 697 (stating a court need not "address both components of the inquiry if the defendant makes an insufficient showing on one"), and, consequently, the motion will be denied.

### A. Advice as to Potential Sentence

Higginbotham first claims he received ineffective assistance of counsel because his attorney told him that, if convicted at trial, he faced a heavier sentence than was offered in the plea agreement; according to Higginbotham, "[t]he court – with the appropriate mitigation arguments *would not* have sentenced him to 60-months after hearing the evidence." (See Mot. at 6 (emphasis in original).) The maximum term of imprisonment for Count One, however, was 20 years, see 18 U.S.C. § 111(b), and, of particular significance, for Count Two there was a mandatory minimum of seven years in prison consecutive to any sentence imposed on Count One. See 18 U.S.C. 924(c)(1)(A)(ii). As Higginbotham faced a statutory mandatory minimum sentence of seven years (84 months) if convicted on Count Two alone, his counsel did not give him erroneous advice in telling him 60 months was, in Higginbotham's words, "better than he would receive if convicted at trial." (See Mot. at 6.) Because counsel's advice was not erroneous, the assistance he provided was not ineffective. See Harrington v. Richter, 131 S. Ct. 770, 787 (2011) (holding defendant challenging conviction based on ineffective assistance of counsel must "show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment") (internal quotation and citation omitted).

Accordingly, to the extent Higginbotham's motion is based on a claim of incorrect advice as to his potential sentence after a trial, Higginbotham fails to show he is entitled to relief.

//
//
//
//

4

**B.  Investigation**

Higginbotham next claims his counsel did not investigate potentially exculpatory evidence despite his having told counsel he did not commit the crimes charged.[4]  A criminal defense attorney has a duty to make a reasonable investigation.  See Strickland, 466 U.S. at 691.  In this instance, however, Higginbotham fails to identify in his motion, even in the most general terms, any act his counsel failed to undertake in investigating his defense.  He does not, for example, assert that his counsel failed to obtain evidence relevant to his innocence, that his counsel failed to review available exculpatory evidence, or that his counsel failed to interview witnesses.  In his reply, Higginbotham asserts, for the first time, that his sister "states she will come to court and testify" the gun found in Higginbotham's mother's car did not belong to him.  To the extent such assertion is intended as a claim that Higginbotham's counsel failed to properly interview his sister, the Court finds no such showing has been made.

In particular, Higginbotham makes no assertion that his counsel did not interview his sister in the course of his investigation.  Moreover, the evidence submitted by the government shows Higginbotham's counsel did interview his sister, and she stated Higginbotham told her to put the gun in Higginbotham's mother's car.  (See Opp'n Ex. A ¶ 3(a).)  If she thereafter recalled the events differently, Higginbotham does not assert any such different statement was made by his sister prior to the time judgment was entered, nor does he identify any other circumstance that would have suggested a need for counsel to interview his sister anew prior to the entry of Higginbotham's plea.  As set forth above, the issue is whether counsel was deficient in his investigation prior to entry of Higginbotham's guilty plea, and Higginbotham has identified no evidence so showing.

Accordingly, to the extent Higginbotham's motion is based on the asserted failure of his counsel to investigate his defense, Higginbotham fails to show he is entitled to relief.

---

[4] Higginbotham's counsel states "Higginbotham first told [him] he did not do the crime" and "happened to just be walking by when he was shot," but that Higginbotham later "admitted to [his counsel] that he participated in the robbery and aided and abetted the incident."  (See Opp'n Ex. A ¶ 4(a).)

5

### C. Voluntariness of Plea

Lastly, Higginbotham claims counsel "used the system to legally coerce him into pleading guilty." (See Mot. at 2.) Higginbotham, however, provides no facts in support of such claim, stating only that he was young and "his ability to ma[k]e decisions [was] heavily influence[d] by counsel's taunt that he would be convicted and face considerably more time." (See Pet'r's Mot. at 6.) Given such absence of factual support, Higginbotham's claim fails.

Moreover, the government has submitted undisputed evidence that demonstrates Higginbotham's counsel discussed the plea offer with Higginbotham "in its entirety" on several occasions, including an hour-long conversation by phone and another hour-long conversation in person (see Opp'n Ex. A ¶ 1), and also discussed, among other things, the evidence implicating Higginbotham and Higginbotham's likely sentence if convicted at trial, but "left the decision as to whether to fight the case up to [ ] Higginbotham," (see id. at ¶ 3). Additionally, counsel told Higginbotham there were holes in the government's case, that the case was triable, and that if "he wished to go to trial [counsel] would gladly accept his decision." (See id. at ¶ 1(e)(f).)

Accordingly, to the extent Higginbotham's motion is based on the asserted involuntariness of the plea, Higginbotham fails to show he is entitled to relief.

### CONCLUSION

For the reasons stated above, Higginbotham's motion for relief under 28 U.S.C. § 2255 is hereby DENIED.

Further, to the extent Higginbotham may seek to appeal the instant order, a certificate of appealability is hereby DENIED, for the reason that defendant has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Dated: March 29, 2013

MAXINE M. CHESNEY
United States District Judge